No. **WR-DL-078-079-91**

# Family Court of the Navajo Nation

Judicial District of Window Rock, Arizona

---

**In the Matter of the Interests of:**
**Stetson Lewis,**
**DOB: 02/27/75, A Minor Child.**
**Decided July 17, 1991**

---

## OPINION AND ORDER OF DISMISSAL

Judge Allen Sloan presiding.

This matter came for hearing upon Petitioner's motion to detain the subject child, incident to the filing of two petitions for delinquency and a motion to detain. Prior to the hearing on the merits of the detainment, the Court raised on its own motion, the sufficiency of the petitions.

### I

The Child is accused of having committed the delinquent acts of Aggravated Battery in violation of 17 NTC Sec. 317(1) and the Unlawful Carrying of a Deadly Weapon in violation of 17 NTC Sec. 320(a). The facts giving rise to the petitions are that, on July 5, 1991 at approximately 5:35 a.m., the Child:
* "unlawfully carried a type of deadly weapon"
* "unlawfully applied force to Emery Larson"
* "Subject minor beat and kicked the victim. The victim, barely conscious, had puncture wounds on the back and was bleeding in the back of the head."

### II

At issue as stated is the sufficiency of the petitions: Whether the petitions give sufficient information to the accused child such that he is informed of the nature and cause of accusation against him which will then enable him to prepare a defense.

### III

Proceedings arising under the Navajo Children's Code are civil in nature. The civil nature of the proceedings, however, does not deny an accused child's protected rights under the Navajo Bill of Rights, 1 NTC Sec. 6, and the 1968 Indian Civil Rights Act, 25 USC Sec. 1302(6). 9 NTC Sec. 1173 (1977).

Nine NTC Sec. 1104 requires a petition to "set forth with specificity" certain allegations, among those being:

(1) The facts necessary to invoke the jurisdiction of the Children's Court.

....

(3) If the child is alleged to be a child offender, a citation to the appropriate section of the Criminal Code or Motor Vehicle Code which the child is alleged to have violated.

(4) A plain and concise statement of facts upon which the allegations are based, including the date, time and location at which the alleged acts occurred.

The relevant portions of the Navajo Criminal Code under which the child is accused are:

A person commits aggravated battery if he or she:

(1) Unlawfully applies force to the person of another, or strikes the person with a deadly weapon; or

(2) Intentionally or knowingly causes serious physical injury to the person of another.

17 NTC Sec. 317(a).

A person commits unlawful carrying of a deadly weapon if he or she carries ... any other type of deadly weapon.

17 NTC Sec. 320(a).

The Navajo Criminal Code defines deadly weapon as "anything designed for lethal use or any instrument used in a lethal manner; the term includes a firearm." 17 NTC Sec. 208.

# IV

It is clear that an accused child must be informed of the nature and cause of accusation against him in the same manner and to the same extent as an adult criminal defendant, if not more so. In that respect, the petitions must state where the alleged delinquent acts occurred; they must identify the type of deadly weapon carried; and they must relate the factual circumstances of the aggravated battery charge, that is, they do not show what the aggravating circumstances were which amounted to the child being accused of aggravated battery as opposed to simple battery. This information is necessary, not only for the child but for the Court as well, so that a determination of jurisdiction can be made.

The right to information of the nature and cause of accusation is enhanced by the Children's Code requirement of setting forth, with specificity, the very allegations necessary to suffice a petition. If a petition contains all of the required information of 9 NTC Sec. 1104, then it will be sufficient.

The petitions as they are, have left the child floundering in guess work of where the alleged acts occurred, and what it is that he is accused to have carried which amounted to the unlawful carrying of a deadly weapons charge, and what it is that he did which resulted in his being accused of as grave a crime as aggravated battery.

It is the judgment of this Court that the petitions, on their faces, are insufficient to give information to the child of the nature and cause of accusations against him.

This Court adopts that holding of the 1983 Window Rock District Court opinion, *Navajo Nation v. Lee*, 4 Nav. R. 185, in which the Court in speaking of an adult criminal defendant's "constitutional" right to "be informed of the nature and cause of accusation" against him opined:

> The purpose of the constitutional standard was to give criminal defendants enough information for a defense and to prevent surprises at trial. Therefore the constitutional standard calls upon prosecutors to prepare complaints which allege the basic parts of the statute creating the crime and sufficient facts fitting within the statute to enable the defendant and his defense attorney to prepare their case. A complaint which does not allege all the basic parts of the statute creating the crime is inadequate on its face and therefore defective and subject to dismissal....

For the reasons set forth above, the petitions are hereby dismissed without prejudice.